UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAMUEL R. TOLIVER,

        Plaintiff,

    v.                    ORDER

CHEEKTOWAGA POLICE DEPARTMENT, *et al.*,    11-CV-00053(F)

        Defendants.

_____


Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e) (Doc. No. 11). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See*, *e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

  1. Whether the indigent's claims seem likely to be of substance;

  2. Whether the indigent is able to investigate the crucial facts concerning his claim;

  3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

  4. Whether the legal issues involved are complex; and

  5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

1

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous, but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that on July 25, 2007, and April 23, 2008, Defendants, Police Officers with the Cheektowaga Police Department, violated Plaintiff's rights under the Fourth Amendment when they barged into his apartment without a warrant or any evidence that Plaintiff had committed a crime, arresting Plaintiff on April 23, 2008, and later committed perjury by testifying at a pretrial hearing in the ensuing criminal action against Plaintiff that there was a warrant for Plaintiff's arrest on April 23, 2008. Based on this review, Plaintiff motion for appointment of counsel is, at this time, denied without prejudice. It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654. Nevertheless, in order to assist Plaintiff in pursuing

this case *pro se*, the Clerk of the Court is directed to send Plaintiff the Court's booklet entitled Pro Se Litigation Guidelines.[1]

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 30, 2013
         Buffalo, New York

**Any appeal of this Order must be taken by filing a Notice of Appeal within 14 days of the filing of the Order pursuant to Fed.R.Civ.P. 72(a).**

---

[1] Plaintiff should review the entire Guidelines, and then he should focus his attention on pages 14-19 regarding discovery, since his lawsuit is in the discovery stage at this time.